**In re Habeas Corpus on Gary Lew BROWN.**
**No. H–73–392.**

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1974.

Philip F. Horning, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for respondent.

## OPINION AND ORDER

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–72–1466, petitioner was convicted for the offense of Assault and Battery with a Dangerous Weapon with Intent to do Bodily Harm. His punishment was fixed at three (3) years imprisonment. Thereafter, an appeal was taken to this Court in Brown v. State, Okl.Cr., 512 P.2d 1196 (1973) wherein this Court affirmed petitioner's conviction. Following the affirmation, petitioner filed an application for a suspended sentence in the District Court, Oklahoma County, under authority of 22 O.S.1971, § 994. Petitioner appeared with counsel and witnesses in support of his motion. The State appeared by its counsel and a stipulation was entered between counsel that petitioner had three previous felony convictions for Grand Larceny prior to his conviction for Assault and Battery with a Dangerous Weapon. Counsel for the State then moved to dismiss petitioner's motion to suspend based on said stipulation. After arguments of counsel the District Court ruled it had no power to suspend the sentence under 22 O.S.1971, § 994 as construed with 22 O.S. 1971, § 991a. Consequently, District Court declined to hear any evidence in the matter.

Counsel for petitioner argues the trial judge erred in not considering petitioner for a suspended sentence for the reason petitioner maintained three felony convictions prior to his conviction for the above offense. For the purpose of clarification, we first note the sections of the statutes in issue. Title 22 O.S.1971, § 994, the authority for suspending a jail or prison sentence following an appeal, reads as follows:

"After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence *as otherwise provided by law.* Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant within ten days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provisions of this section is a nonappealable order." (Emphasis added)

Title 22 O.S.1971, § 991a, the statutory authority establishing the Court's powers regarding sentencing, reads as follows:

"Whenever a person is convicted of a crime and no death sentence is imposed, the court shall either:

"(1) Suspend the execution of sentence in whole or in part, with or without probation, or

"(2) Impose a fine prescribed by law for the offense, with or without probation or commitment, or

"(3) Commit such person for confinement provided by law.

"Subsection (1) hereof shall not apply to persons being sentenced upon their third or subsequent to their third conviction of a felony.

"Probation, as used in this section, is a procedure under which a defendant, found guilty of a crime, is released by the court subject to conditions imposed by the court and subject to the supervision of the Division of Probation and Parole of the Department of Corrections. Such supervision shall be initiated upon an order of probation from the court, and such supervision shall not exceed five (5) years."

In light of the above authority, the trial court held the suspension of petitioner's sentence under authority of § 994 was precluded by the restriction of three felony convictions as enunciated in § 991a. In analyzing the trial court's holding, counsel for petitioner argues the provisions of § 991a are not applicable to a sentence which may be suspended under § 994. The crux of petitioner's argument is based upon the language "when any criminal conviction is affirmed." Counsel argues this language specifically enables the trial court to suspend a sentence after affirmation on appeal independently of any restrictions of § 991a. On the other hand, the State argues the language "as otherwise provided by law" in § 994 requires the two sections to be construed in conjunction rather than independently.

After a study of the above statutes, it is our opinion § 991a imposes the same limitations upon an application under § 994 as it does upon the suspension of a sentence immediately following a conviction. The language of § 994 specifically states a court may "suspend the judgment and sentence as otherwise provided by law." Consequently, § 994 must always be construed in light of other statutory authority which grants or restricts the imposition of probation for a particular offense. Since § 991a mandates a three-time convicted felon not be considered a candidate for a suspended sentence, the trial court did not err in declining to hear evidence in support of suspending petitioner's sentence as the court in light of counsel's stipulation had no authority to grant the relief requested by petitioner.

It is therefore the order of this Court that petitioner's application for habeas corpus or an alternative writ of mandamus be, and hereby is, dismissed.

BUSSEY and BRETT, JJ., concur.